IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSEPH SWIK                                                                                           PLAINTIFF

v.                           Civil No. 3:22-cv-03075-TLB-MEF

SHERIFF KENNY CASTLE,
Searcy County, Arkansas; JIM HENRY; DEVIN; and
JAIL ADMINISTRATOR HETTIE PARKER                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey an Order of the Court.

### I.  DISCUSSION

Plaintiff filed this action on December 16, 2022. (ECF No. 1). Plaintiff failed to submit a certificate of inmate account with his application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). For this reason, an Order (ECF No. 3) was entered giving Plaintiff until January 6, 2023, to either submit a completed certificate of account or pay the $402 filing fee. Plaintiff submitted a second application to proceed IFP on January 9, 2023; however, he again failed to submit a certificate of inmate account with his application. On January 13, 2023, Plaintiff was ordered (ECF No. 6) to have the certificate of account completed and returned to the Court or pay the $402 filing fee by February 3, 2023. Plaintiff has not submitted his certificate of inmate account nor paid the filing fee as ordered.

On February 9, 2023, a Show Cause Order (ECF No. 7) was entered giving Plaintiff until

March 2, 2023, to show cause why the case should not be dismissed. Plaintiff has not responded to the Show Cause Order.

To date, Plaintiff has not filed a certificate of inmate account, paid the filing fee, or responded to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 3, 6, 7).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it is recommended that the Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of March 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE